(119 App. Div. 584)

### WHITE v. LANSING.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1907.)

MINES AND MINERALS—OPERATION OF QUARRIES—INJURIES TO REAL PROPERTY —TAILINGS AND DÉBRIS.

Where a person operating a plaster quarry on his own premises is not obliged to dump the waste upon the land of an adjoining owner, he cannot make the adjoining land servient to his own as a mere matter of convenience to himself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mines and Minerals, § 246.]

Appeal from Judgment on Report of Referee.

Action by Ernest J. White against Henry H. Lansing. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Levi S. Chapman, for appellant.

George H. Bond, for respondent.

SPRING, J. The action is in equity to restrain the defendant from entering upon the premises of the plaintiff and depositing thereon rock, clay, stone, and refuse from a plaster bed. The judgment restrains the defendant permanently from dumping any more of this material upon the plaintiff's premises, and requires the defendant to remove therefrom the refuse already deposited; the plaintiff having elected that relief in lieu of $50 damages, and which election was given him by the referee.

The plaintiff, since March, 1905, has owned and occupied 150 acres of land in the town of De Witt in said county. The defendant owns 50 acres adjacent to plaintiff on the east, and has for 10 years or more. On the southerly part of these tracts of land are deposits of plaster and gypsum. Since 1902 the defendant has been digging out the plaster in the southerly part of his land, adjacent to the plaintiff's farm, and trucking the refuse stuff over on the premises now owned by the plaintiff. He has covered an acre of the plaintiff's land with this débris of the plaster beds, from the depth of 2 to 6 feet, entirely destroying it for agricultural purposes as long as the rubbish remains. Early in his excavations there was a hole dug in the land now owned by the plaintiff, but it was not developed to any extent. The great bulk of the refuse came from the defendant's land, and all of it since the plaintiff's ownership. The defendant claims that he has the right to deposit this waste material from the plaster digging upon the plaintiff's premises by virtue of certain deeds received in evidence.

The referee has found, and the facts support his finding, that the defendant in the development of the plaster quarry on his own premises is not obliged to dump the waste upon the farm of the plaintiff. We rest our decision upon this finding, for it is the crucial one in the case. The defendant cannot make the plaintiff's land servient to his own as a mere matter of convenience to himself. There must be some pressing necessity for this unusual appropriation of the plaintiff's

premises before it can be justified in any event. The referee has with considerable elaboration in his opinion gone over the conveyances to ascertain the respective rights of these parties. We do not pass upon that question at all. Nor do we decide that if, in the usual extraction of the plaster, it becomes essential to the defendant to deposit the refuse material upon the adjacent lands of the plaintiff, he may not possess that right. We confine our decision for affirmance solely to the lack of necessity now existing for this invasion of the plaintiff's premises in accordance with the specific finding of the referee referred to.

Judgment affirmed, with costs. All concur.